CHEVRON STANDARD LIMITED and Chevron Chemical Company, Plaintiffs,

v.

The UNITED STATES, Defendant.

Court No. 82–8–01175.

United States Court of International Trade.

May 3, 1983.

Donohue & Donohue, New York City (Joseph F. Donohue, William J. Phelan and George W. Thompson, New York City, on brief), for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C. (David M. Cohen, Director, Commercial Litigation Branch, and Francis J. Sailer, Washington, D.C., on brief), for defendant.

### Memorandum Opinion and Order of Remand

BOE, Judge:

Pursuant to Rule 56.1(c) of the rules of this court, the plaintiffs move for review on the record of the determination of the International Trade Administration (ITA) to postpone action on the application of the plaintiffs to revoke a 1973 antidumping finding against plaintiffs. 47 Fed.Reg. 31911 (July 23, 1982). Plaintiffs contend that the ITA determination is unlawful because it is not supported by substantial evidence on the record, 19 U.S.C. § 1516a(b)(1)(B), and is arbitrary and capricious within the meaning of the Administrative Procedure Act and established precedent. See 5 U.S.C. § 706.

On December 17, 1973, the Department of Treasury issued a finding of dumping with respect to imports of sulphur from Canada. 38 Fed.Reg. 34655 (December 17, 1973). The finding included sulphur produced by the plaintiffs. In 1978, the plaintiffs applied to Treasury for exclusion from the finding on the ground that it had made no sales of sulphur at less than fair value for more than two years. After its review Treasury made a tentative determination to modify the 1973 dumping finding by revoking its applicability to five Canadian sul-

phur producers including the plaintiffs. 44 Fed.Reg. 8057 (February 8, 1979). However, Treasury took no final action on its proposed revocation.

After the administration of antidumping findings was transferred to the ITA by the Trade Agreements Act of 1979, the ITA conducted administrative review of the 1973 dumping finding pursuant to 19 U.S.C. § 1675. In its preliminary determination, the ITA found that the plaintiffs had made no sales of sulphur at less than fair value from May 1, 1977 through February 8, 1979 and that if the tentative findings were made final, the 1973 dumping finding would be revoked with respect to all of plaintiffs' unliquidated entries of sulphur entered after February 8, 1979. 46 Fed.Reg. 21214 (April 9, 1981).

In its final results of administrative review the ITA determined that "all sales were made at not less than fair value by Chevron Standard, Ltd. ... from May 1, 1977 through February 8, 1979." However, the ITA decided to postpone action on the plaintiffs' application to revoke the 1973 dumping finding. 47 Fed.Reg. 31911 (July 23, 1982). The ITA in explaining why action was being postponed as to the plaintiffs and the two other companies subject to the dumping finding states:

> With regard to the applications for revocation by these three companies, the Department has decided to postpone action. All three companies are significant shareholder members in Cansulex, Ltd., an organization from which the Department has been unsuccessful in obtaining information concerning third-country sales. That information is necessary in order for the Department to review entries made by Mobil Oil Canada and Union Oil Company of Canada. In view of the fact that revocation actions are more discretionary in nature than are routine annual reviews, it is the Department's policy not to exclude any Cansulex member company from the finding until Cansulex complies with our longstanding requests for information, which we consider necessary to

our administration of this particular antidumping finding or of the antidumping statute in general.

In sum, the government predicates its decision with respect to Chevron solely on the latter's business relationship with Cansulex and the refusal of Cansulex to disclose the information requested by ITA.

The record reveals that Chevron and 16 other companies are shareholders in Cansulex, a corporation incorporated under Canadian law. An officer of Chevron is one of eight members of the board of directors of Cansulex. The shares of the 16 producer members of Cansulex are based on the commitment percentages of sulphur supplied annually by each of the member producers to Cansulex.

Despite the government's strenuous contention that such a shareholder interest possessed by Chevron in Cansulex justifies the discretionary determination made by the ITA in its final results of administrative review, the court is of the opinion that the undisputed facts contained in the record neither support nor justify the decision of the ITA upon the grounds on which it is premised.

The information which the ITA desires to obtain from Cansulex relates solely to the sales of sulphur by two other independent corporate producers of sulphur who likewise are shareholders in the latter corporation. (Mobil Oil Canada and Union Oil of Canada). No information requested by ITA to be furnished by Cansulex relates in any manner to Chevron. The government acknowledges that with respect to the sulphur produced by it, Chevron has furnished all information desired as to its sales and that no reason exists to believe that such information in the future would not continue to be furnished, if requested.[1] The final results of administrative review by the ITA disclose that all sales by Chevron were made at not less than fair value from May 1, 1977 to February 8, 1979, and that the Treasury Department had previously concluded in its investigation that all sales of

---

1. Defendant's Memorandum Brief, page 27.

Chevron from January 1, 1976 through April 30, 1977, likewise had been made at not less than fair value. In view of the foregoing the ITA further determined that all entries made within the period of its investigation, May 1, 1977—February 8, 1979, should be liquidated by Customs without regard to dumping duties. Nor was a deposit of antidumping duties to be required as provided by section 353.48(b) of the Commerce regulations.

The record does not serve to corroborate the government's characterization of Cansulex as recalcitrant in its conduct. In its reply to the request of ITA, Cansulex advised that much of the information sought was of a nature "not routinely given out by Cansulex to its shareholders or its directors." It, accordingly, appears that the relationship between Cansulex and each of its individual 16 corporate shareholder members is confidential. With respect to the information sought by ITA, Cansulex further advised that the individual shareholders (Mobil Oil and Union Oil) had been furnished this information (by Cansulex) and could provide the same. A.R. 658, 659, 660. In view of the confidentiality existing between Cansulex and its individual 16 shareholder members, the court finds little merit in the argument of the government that Chevron should have used greater influence with the remaining seven directors with respect to the disclosure of information as to Mobil Oil and Union Oil Corporation.[2]

In a letter directed to Cansulex by ITA under date of December 11, 1981, the assertion was made that several member companies of Cansulex "have been faced with potentially damaging dumping assessments." It was further asserted therein that in refusing to supply the information

requested by ITA, the Cansulex directors may not have "fully appreciated the potential consequences of their actions." A.R. 606. The dialogue between the ITA and Cansulex, as further evidenced by the reply of counsel for Cansulex to ITA under date of January 11, 1982, casts a grave reflection upon the United States Government. The letter of the counsel for Cansulex stated in part:

Your suggestion that in this matter the Directors of Cansulex or any of them should put the best interests of any particular Shareholder ahead of the best interests of Cansulex and its Shareholders as a whole has not been well received. Furthermore, in view of the legal duty of each Director as outlined above, the threat set forth in the above-quoted third sentence of the second last paragraph of your letter of December 11, 1981 is unconscionable. A.R. 658

Cansulex is an entity created and recognized under the law of a sovereign nation. Similar to the laws of the United States, the laws of Canada recognize the legal status of the plaintiffs as a shareholder in Cansulex. The corporate affairs of and decisions made by Cansulex are separate and distinct from the corporate affairs of its respective shareholders. To predicate a decision to postpone a determination of Chevron's application for a revocation of the dumping finding solely on the questionable policy of ITA not to exclude any Cansulex member shareholder from a dumping finding until Cansulex complies with the request sought by ITA is to read into the statutes and the department's own regulations a requirement and standard never contemplated. See 19 U.S.C. § 1675(c); 19 C.F.R. § 353.54.[3] The "policy" reason cited

---

**2.** The officer of Chevron on the board of directors of Cansulex abstained from voting on the question of disclosure.

**3.** While admitting that Chevron has satisfied two of the three prerequisites to revocation of a dumping finding under 19 C.F.R. § 353.54, defendant contends that plaintiffs' involvement with Cansulex and the refusal of Cansulex to release to the ITA the requested information prevent the ITA from being "satisfied that

there is no likelihood of resumption of sales at less than fair value." 19 C.F.R. § 353.54(a). However, plaintiffs have agreed to a reimposition of the dumping finding should its merchandise be sold at less than fair value. It can do nothing more to guarantee that it will not resume sales at less than fair value.

by the ITA is tantamount to a penalty which the department seeks to impose arbitrarily because of the alleged recalcitrance of a third party—not privy in any manner to the matter relating to plaintiffs' application for revocation of the dumping finding. In the absence of evidence that Chevron had a controlling ownership interest in Cansulex and that joint records were maintained with respect to the business affairs of Cansulex and Chevron, the attempt by ITA to pierce the corporate veil with which the corporate entity of Cansulex is clothed is neither justified nor proper. *American Trading and Production Corp. v. Fischback and Moore, Inc.,* 311 F.Supp. 412 (N.D.Ill. 1970).

 The government seeks to justify the determination of the ITA by urging that the basis for its decision in postponing action on plaintiffs' application was within its discretionary authority vested by statute and regulation. The court recognizes that discretionary authority has been granted to the ITA in the performance of its administrative duties. However, the grant of discretionary authority to an agency by Congress implies that the exercise of that discretion is predicated upon a judgment founded upon facts which are related and applicable to the matter upon which the determination is to be made. A connection must exist between some rational reasoning and the discretionary determination which is exercised. *Burlington Truck Lines, Inc., et al. v. United States,* 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962).

It is the opinion of this court that the determination of the ITA in postponing action on the application of the plaintiffs for revocation of a dumping finding has been based on a ground neither reasonable nor related to the subject matter of plaintiffs' application. 19 U.S.C. § 1516a(b).

Accordingly, the within proceedings are remanded to the ITA for reconsideration of the final results of the administrative review conducted by it insofar as it relates to the plaintiffs and, absent consideration of the conduct on the part of Cansulex, make a determination in the final results of its administrative review in accordance with the facts ascertained from its investigation of the dumping findings previously made relating to sales at not less than fair value by the plaintiffs.

The determination made by ITA in its reconsideration shall be submitted to this court within a period of thirty (30) days from and after the date of entry of the within Order.