**FREEPORT MINERALS COMPANY (Freeport-McMoran Inc.), Plaintiff,**

v.

**UNITED STATES, Defendant,**

**Chevron Standard Limited and Chevron Chemical Company, Intervenors.**

**Court No. 83–10–01498.**

United States Court of International Trade.

March 9, 1984.

Covington & Burling, Washington, D.C. (Harvey M. Applebaum and Richard E. Neff, Washington, D.C., on brief), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C. (David M. Cohen, Director Commercial Lit. Branch and Sheila N. Ziff, Washington, D.C., on brief), for defendant.

Donohue & Donohue, Nutley, N.Y. (Joseph F. Donohue, John M. Peterson, and George W. Thompson, Nutley, N.Y., on brief), for intervenors.

### Memorandum Opinion and Order of Dismissal

BOE, Judge:

In the above entitled action, the plaintiff seeks to challenge the review determination made pursuant to 19 U.S.C. § 1675 by the Department of Commerce, International Trade Administration ("ITA") revoking the antidumping finding on elemental sulphur from Canada manufactured and exported by Chevron Standard Ltd., ("Chevron") and imported by Chevron Chemical Co., intervenors herein.

To the action instituted by the plaintiff, the defendant and the intervenors have filed motions to dismiss on the grounds that this court lacks jurisdiction over the subject matter, that the complaint of the plaintiff fails to state a claim upon which relief can be granted, and that the plaintiff is guilty of laches.

The following facts are deemed necessary to a consideration of the defendant's and intervenors' motions to dismiss.

In 1973, the Department of Treasury made a finding of dumping against Chevron and other Canadian producers of sulphur for export to the United States. *Elemental Sulphur from Canada,* 38 Fed. Reg. 34655 (1973).

The ITA conducted an administrative review of the 1973 dumping finding as required by 19 U.S.C. § 1675. In the preliminary results of its review determination, the ITA found that Chevron and certain other exporters of sulphur from Canada had made no sales of sulphur at less than fair value from January 1, 1976 to February 8, 1979 and indicated its intention to revoke the 1973 dumping finding for the unliquidated entries of Chevron entered after February 8, 1979. *Elemental Sulphur*

*from Canada, Preliminary Results of Administrative Review of Antidumping Finding and Tentative Determination to Revoke in Part,* 46 Fed.Reg. 21214 (April 9, 1981).

On July 23, 1982, the ITA published a Notice of the Final Results of Administrative Review of Antidumping Finding relating to Chevron. In this notice, the ITA again determined that all sales were made at not less than fair value from May 1, 1977 to February 8, 1979.[1] However, the ITA postponed action on the application for revocation filed by Chevron for a reason unrelated to its determination: namely, that Chevron was a "significant shareholder member" in a Canadian corporation, Cansulex, Ltd., from which the ITA had failed to secure certain requested information in a matter having no relation to the intervenors. *Elemental Sulphur from Canada; Final Results of Administrative Review of Antidumping Finding.* 47 Fed. Reg. 31911 (July 23, 1982).

On August 20, 1982, the intervenors commenced an action in this court challenging the ITA's final determination of July 23, 1982. *Chevron Standard, Ltd. v. United States,* 563 F.Supp. 1381, 5 CIT ___ (1983). This court remanded the proceedings to the ITA with the following directions:

Accordingly, the within proceedings are remanded to the ITA for reconsideration of the final results of the administrative review conducted by it insofar as it relates to the plaintiffs and, *absent consideration of the conduct on the part of Cansulex, make a determination in the final results of its administrative review in accordance with the facts ascertained from its investigation of the dumping findings previously made relating to sales at not less than fair value by the plaintiffs.*

The determination made by ITA in its reconsideration shall be submitted to this court within a period of thirty (30) days from and after the date of entry of the within Order. *Id.* (emphasis added).

Pursuant to the order of remand of this court, the ITA on June 1, 1983 submitted its remand determination that a revocation of the finding of dumping should be issued with respect to Chevron. On June 10, 1983, this court entered an order affirming the remand determination made by the ITA. In addition to confirming the ITA's determination to revoke the antidumping duty order against Chevron, this court affirmed the findings of the administering authority that:

(1) There have been no Chevron sales at less than fair value from the date of withholding, April 1, 1973, through the date of the last period of Departmental examination, February 8, 1979,

(2) the appropriate representations have been filed with the Department as required by 19 CFR 353.54, and

(3) the Department is aware of no other circumstances in respect to Chevron which might prompt the Department not to invoke its revocation discretion at this time

*Chevron Standard Ltd. v. United States,* 5 CIT ––, Slip Op. 83–55 (June 10, 1983).

Pursuant to the foregoing order of this court, the ITA published in the Federal Register a notice of partial revocation of the antidumping finding with regard to elemental sulphur produced and exported by Chevron. *Elemental Sulphur from Canada; Partial Revocation of Antidumping Finding,* 48 Fed.Reg. 40760 (September 9, 1983).

The plaintiff seeks to invoke the jurisdiction of this court in the instant action by contending that this notice of revocation is a "final determination" made under the authority of 19 U.S.C. § 1675 and, accordingly, is a reviewable determination pursuant to 19 U.S.C. § 1516a(a)(2).

The statutory authority, relied upon by the plaintiff, precludes the acceptance of this contention.

---

**1.** The Treasury Department had previously determined that all sales had been made at not less than fair value for the period of January 1, 1976 through April 30, 1977.

The provisions relating to the exclusive judicial review of administrative antidumping proceedings and the time for the commencement of a challenge thereto in this court are set forth with particularity in the Trade Agreements Act of 1979, 19 U.S.C. § 1516a(a)(2)(A) & (B). Subsection (A) specifies the time for commencement of an action for review of a "determination" and an "antidumping duty order" in this court:

(A) *In general*

Within thirty days after date of publication in the Federal Register of—

(i) notice of any determination described in clause (ii), (iii), (iv), or (v) of subparagraph (B), or

(ii) an antidumping or countervailing duty order based upon any determination described in clause (i) of subparagraph (B),

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusions upon which the determination is based.

Subparagraph (B) enumerates with specificity the determinations which may be challenged in this court under subparagraph (A):

(B) *Reviewable determinations*

The determinations which may be contested under subparagraph (A) are as follows:

(i) Final affirmative determinations by the Secretary and by the Commission under section 1303 of this title, or by the administering authority and by the Commission under section 1671d or 1673d of this title.

(ii) A final negative determination by the Secretary, the administering authority, or the Commission under section 1303, 1671d, or 1673d of this title.

(iii) A determination, other than a determination reviewable under paragraph (1), by the Secretary, the administering authority, or the Commission under section 1675 of this title.

(iv) A determination by the administering authority, under section 1671c or 1673c of this title, to suspend an antidumping duty or a countervailing duty investigation.

(v) An injurious effect determination by the Commission under section 1671c(h) or 1673c(h) of this title.

■ Congress in providing for the commencement of a review proceeding in this court in the aforequoted statutes distinguishes between a "determination" made by the ITA or International Trade Commission ("ITC") (subparagraph (A)(i)) and an "antidumping duty order" based upon final affirmative determinations (subparagraph (A)(ii)) made by the ITA and ITC. The foregoing statutes are patently clear that it is only with respect to an *antidumping duty order*, based on final affirmative determinations by the ITA and ITC under 19 U.S.C. § 1673d, that the time for the commencement of an action by this court begins to run from the date of the publication of such order in the Federal Register. 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(i).

■ In the instant action the Notice of Partial Revocation under which the plaintiff seeks to gain statutory sanctuary is *not* an "Order" based on an affirmative determination made by the ITA pursuant to 19 U.S.C. § 1671d or § 1673d. The administrative review conducted by the ITA was a proceeding mandated by 19 U.S.C. § 1675. Accordingly, the determination made by the ITA in its review proceeding was a determination subject to challenge pursuant to the provisions of § 1516a(a)(2)(B)(iii) and required thereby to be commenced in this court within 30 days after the publication of the notice of such determination in the Federal Register on July 23, 1982.

The plaintiff cannot now be heard belatedly to complain that it has not been afforded the opportunity to contest the revocation of the antidumping finding on the

merits. The preliminary results of the administrative review by ITA and its tentative determination of revocation of the antidumping finding as it related to Chevron and other companies were published in the Federal Register on April 9, 1981. 46 Fed. Reg. 21214. The ITA provided interested parties, including the plaintiff, with the opportunity to submit written and oral comments. The notice of the final results of the review determination specifically sets forth the comments of the plaintiff during the investigation as well as the position of ITA with respect thereto. 47 Fed.Reg. 31911 (1982).

In instituting its challenge to the final results of the review determination made by the ITA on July 23, 1982, the intervenors served a copy of the summons filed in this court on all interested parties to the administrative proceeding, including the plaintiff. Plaintiff made no effort as an interested party to intervene in the action commenced by the intervenors nor did the plaintiff seek to institute an independent action challenging any findings in the review determination of the ITA. Notwithstanding the fact that the ITA postponed action on Chevron's application for revocation because of unrelated reasons, the findings of the ITA in its review determination made pursuant to 19 U.S.C. § 1675, as they related to sales at not less than fair value and the revocation of the antidumping finding of 1973, were subject to challenge within 30 days after the publication of the notice thereof in the Federal Register.

Plaintiff contends that this court in its order affirming the remand determination by the ITA did not reach the merits of the ITA final review determination. As hereinbefore quoted in pertinent part, the order of remand by this court directed the ITA to make a determination in the final results of its administrative review consistent with the facts ascertained from its dumping investigation and relating to sales at not less than fair value. *Supra* at 588. The court confirmed the ITA determination on remand revoking the antidumping duty order. In the absence of patent irregularities in the administrative proceedings or a time-

ly challenge directed to the merits of the antidumping revocation by an interested party, it would be an unwarranted intrusion for the court to disturb the findings of the ITA in its remand determination. No motion for rehearing or to vacate the order of this court was made by an interested party to the administrative proceedings, including the plaintiff, within the time provided by statute and/or the rules of this court.

■ The order of this court in Slip Op. 83–55 (June 10, 1983) affirming the remand determination of the ITA is *res judicata.* Plaintiff's attempt to initiate a new cause of action in this court with respect to subject matter, concerning which this court's order in a prior cause of action has become final, constitutes a collateral attack. The United States Court of Appeals for the Seventh Circuit has stated in the case of *Lambert v. Conrad,* 536 F.2d 1183, 1185 (7th Cir.1976):

> This same result is reached even though the parties did not actually litigate the issue in the prior action because res judicata applies not only to matters actually litigated but also to matters which might have been presented to sustain or defeat the right asserted in the earlier proceeding.

*See also* 13 C. Wright and A. Miller, *Federal Practice and Procedure,* § 3536 at 333 (1975).

By reason of the foregoing, this court concludes:

(1) that the instant action by which plaintiff now seeks to challenge the determination of the ITA revoking the antidumping finding of 1973 as it relates to Chevron is untimely and that, accordingly, this court is without jurisdiction to entertain plaintiff's action, and

(2) that the plaintiff as an interested party in the administrative proceedings failed to intervene in the cause of action *Chevron Standard Ltd. v. United States* or to institute an independent action challenging the deter-

mination of the ITA under date of July 23, 1982, and

(3) that the plaintiff is now precluded from collaterally attacking the order of this court under date of June 10, 1983 affirming the remand determination of the ITA.

Now therefore, it is hereby

ORDERED that the above entitled action be and is hereby dismissed with prejudice.