**KOKUSAI ELECTRIC CO., LTD., Plaintiff**

v.

**UNITED STATES, Defendant,**

**and**

**E.F. Johnson Co., Defendant-Intervenor.**

**Court No. 85–2–00185.**

United States Court of International Trade.

July 30, 1985.

Pillsbury, Madison & Sutro, Washington, D.C. (Donald E. deKieffer and Frank J. Schuchat, Washington, D.C., on the motion) for AT & T Technologies.

Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C. (Stephen L. Gibson and Margaret Ellen Roggensack), Washington, D.C., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (Shiela N. Ziff, Washington, D.C., on the motion) for defendant.

Robins, Zelle, Larson & Kaplan, St. Paul, Minn., Jann L. Olsten, St. Paul, Minn., for defendant-intervenor E.F. Johnson Co.

## MEMORANDUM OPINION AND ORDER

CARMAN, Judge:

Before the Court is the motion of AT & T Technologies (AT & TT) for leave to intervene in this antidumping duty action. Congress has provided statutory authorization for intervention by right in such a proceeding, which is brought under section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a (1982). The applicable statutes are 19 U.S.C. § 1516a(d) (1982), which provides:

(d) Standing

Any interested party who was a party to the proceeding under section 1303 of this title or subtitle IV of this chapter shall have the right to appear and be heard as a party in interest before the United States Court of International Trade. The party filing the action shall notify all such interested parties of the filing of an action under this section, in the form, manner, style, and within the time prescribed by rules of the court. and 28 U.S.C. § 2631(j)(1)(B) (1982), which provides:

(j)(1) Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that

. . . .

(B) in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right.

The Court may permit intervention, however, only if the proposed intervenor qualifies as "an interested party who was a party to the proceeding in connection with which the matter arose." *Id.* AT & TT contends that it meets these qualifications, while the defendant United States opposes the motion to intervene on the basis that AT & TT was not the importer of record. Plaintiff, Kokusai Electric Company, has taken no position in response to this motion. Defendant-intervenor E.F. Johnson Company did not seek intervention until after the submission of AT & TT's motion to intervene and therefore did not participate in the consideration of AT & TT's motion.

## FACTS

AT & TT first became involved in the administrative proceedings on March 23, 1984, by filing with the International Trade Administration (ITA) a notice of appearance and request to become a party to the proceeding, following publication on January 25, 1984, of notice of the initiation of an antidumping duty investigation. 49 Fed. Reg. 3100 (1984). The petitioner, E.F. Johnson Company, objected to the release of confidential information to AT & TT under an administrative protective order

and claimed that AT & TT was not an "interested party" as defined by the statutes or regulations. The petitioner argued that the term "the United States importer" as used in 19 U.S.C. § 1677(9)(A), which defines interested party, and 19 C.F.R. § 353.12(c)(1) (1982), refers to the importer of record. Although the merchandise was imported for the account of AT & TT, was manufactured to the specifications of AT & TT, and AT & TT was the sole consumer of the merchandise, the American subsidiary of Kokusai Electric Company, respondent in the administrative proceeding, was nevertheless the "importer of record". Although AT & TT provided follow-up information and clarification to the ITA, it was denied party to the proceeding status on May 3, 1984.

On June 12, 1984, the ITA published notice of its preliminary determination of sales at less than fair value (LTFV). AT & TT then provided notification dated June 21, 1984, of its intent to participate in the ITA public hearing and submitted a prehearing brief on July 5, 1984, regarding clarification of a critical circumstances determination. This was followed by AT & TT's request dated August 16, 1984, to participate in the rescheduled public hearing.

By letter of September 12, 1984, AT & TT again requested to become a party to the proceeding. This letter stated that under a new contract with Kokusai Electric Company, AT & TT became the importer of record as of August 1, 1984. Petitioner again objected to AT & TT gaining party to the proceeding status, but the ITA apparently never responded to AT & TT's September 12 final request. Nevertheless, AT & TT did submit its final prehearing brief on September 9, 1984, and participated in the October 1, 1984 hearing.

This civil action was then commenced by Kokusai Electric Company on March 1, 1985.

## DISCUSSION

The issue before the Court is whether or not AT & TT qualified as an "interested party who was a party to the proceeding" within the meaning of 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(j)(1)(B). The term "interested party" is defined by statute and means in part:

> A foreign manufacturer, producer, or exporter, or *the United States importer*, of merchandise which is the subject of an investigation under this subtitle or a trade or business association a majority of the members of which are importers of such merchandise.

19 U.S.C. § 1677(9)(A) (1982) (emphasis added). AT & TT claims under this provision that it is an interested party as the United States importer. AT & TT contends that at all times throughout the investigation it was the "beneficial importer" of the merchandise, since the merchandise was imported for the account of AT & TT, and that AT & TT became the actual importer of record as of August 1, 1985.

The defendant interprets "the United States importer" of section 1677(9)(A) as including only the importer of record. The defendant contends further that even after becoming the importer of record, AT & TT did not comply with the notice provision of 19 C.F.R. § 353.12(i)(4) in order to become a party to the proceeding. This regulation provides that an interested party (which under 19 C.F.R. § 353.12(c)(1) includes the United States importer) becomes a party to the proceeding by informing

> the Secretary [of Commerce] in writing of his intent to become a party to the proceeding within 20 days after the preliminary determination or who demonstrates to the satisfaction of the Secretary good cause for intervention.

19 C.F.R. § 353.12(i)(4). Since AT & TT's request of September 12, 1984, was more than 20 days after the June 12, 1984 preliminary determination, defendant argues that AT & TT was barred from becoming a party to the proceeding by 19 C.F.R. § 353.12(i)(4).

The defendant has failed, however, to adequately address the second aspect of subsection (i)(4), which provides for party to the proceeding status upon a showing to

the Secretary of good cause for intervention. In the absence of a denial by the Secretary of AT & TT's final request to become a party to the proceeding, the Court finds AT & TT demonstrated good cause for intervention in the administrative proceedings.

Regardless of any initial questions as to whether AT & TT was the United States importer, AT & TT became the importer of record during the course of the investigation, therefore clearly satisfying the statutory requisite of being an interested party. *See* 19 U.S.C. § 1677(9)(A). Additionally, AT & TT was involved early in the investigation, when counsel for AT & TT filed a notice of appearance within 60 days of the published notice of the initiation of the investigation and went on to participate in the public hearing. AT & TT is not now attempting to interject itself in the civil proceeding after sitting out the administrative proceedings. *See e.g., Matsushita Electric Industrial Co. v. United States*, 2 CIT 254, 257–59, 529 F.Supp. 664, 668–69 (1981) ("interested party" failed to acquire right to intervene where its participation in the administrative proceeding was confined to membership in an association that participated); *Miller and Co. v. United States*, 8 CIT ——, 598 F.Supp. 1126 (1984) (motion to amend summons to include 19 U.S.C. § 1516a(a) claim where plaintiff had failed to show it had been represented in administrative proceedings or the ITA should have realized it was participating in those proceedings).

It is true that mere participation in the ITA hearing does not automatically make AT & TT a "party to the proceeding." Nevertheless, since AT & TT was also the United States importer prior to the conclusion of the investigation, the Court holds that AT & TT has standing under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(j)(1)(B) to intervene in the judicial review.

Further, AT & TT timely notified the ITA of its intended participation as required by 19 C.F.R. § 353.12(i). Although it can be argued that AT & TT did not qualify as "the United States importer" and therefore was not an "interested party" at the original time of notification, AT & TT did meet this qualification during the course of the investigation. The time bar of 19 C.F.R. § 353.12(i) is also not absolute, providing good cause for intervention has been demonstrated. The Secretary did not formally respond to AT & TT's final request, but it certainly would have been reasonable for the Secretary to have found good cause for intervention under these circumstances. Indeed, allowing AT & TT to submit briefs and to participate at the upcoming hearing in the absence of a response from the Secretary clarifying the basis upon which AT & TT was participating could be interpreted as implying that good cause for intervention had been demonstrated to the Secretary's satisfaction.

## CONCLUSION

AT & TT participated throughout the administrative proceeding prior to this action. Although there was some question as to whether AT & TT was "the United States importer" at all times during the antidumping duty investigation, the Court need not decide this precise issue since AT & TT did clearly become the importer of record during the course of the investigation. AT & TT is therefore an "interested party" as defined by 19 U.S.C. § 1677(9)(A).

As the ITA was timely notified of AT & TT's intention to participate, and actually permitted AT & TT to participate in the public hearing, AT & TT was a "party to the proceeding" within the meaning of 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(j)(1)(B). The Court therefore finds that the motion of AT & TT to intervene must be granted.