ENCON INDUSTRIES, INC., PLAINTIFF *v.* UNITED STATES AND U.S. INTERNATIONAL TRADE COMMISSION, DEFENDANTS, AND LASKO METAL PRODUCTS, INC., DEFENDANT-INTERVENOR

Court No. 94–03–00189

(Dated September 19, 1994)

*Ross & Hardies (Steven P. Kersner, Jeffrey S. Neeley* and *Roger Banks)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Jeffrey N. Telep), Stacey J. Ettinger,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant United States.
*Lyn N. Schlitt,* General Counsel, *James A. Toupin,* Deputy General Counsel, United States International Trade Commission *(Judith N. Czako)* for defendant International Trade Commission.
*McKenna & Cuneo (Peter Buck Feller* and *Lawrence J. Bogard)* for defendant-intervenor.

OPINION

RESTANI, *Judge:* This matter is before the court on separate motions to dismiss filed by the international Trade Commission ("ITC") and the United States ("Commerce"). In its complaint, Plaintiff, Encon Industries, Inc., challenges the amended final determination entitled *Ceiling Fans from the People's Republic of China,* 59 Fed. Reg. 9956 (Dep't Comm. Mar. 2, 1994) (amended final determ. of sales at less than fair value ("LTFV")). Commerce alleges that Encon lacks standing to file suit, as it did not participate in the proceedings leading to the Commerce determination which it challenges. ITC contends that the time for challenging its injury determination, which underlies the antidumping duty

order, has expired and, further, that Encon's suit is barred by *res judicata* principles. Thus, both parties allege a lack of jurisdiction. The court will first address the motion of the United States.

Encon filed a notice of appearance in the antidumping investigation at issue, but never submitted factual information to Commerce or made oral or written comments during the proceedings. It now wishes to challenge the manner in which Commerce calculated the "all others" duty rate, which applies to Encon's entries.

The briefs of the parties focus on whether Encon satisfied the statutory requirements that it be an interested party and a party to the proceedings before Commerce. 19 U.S.C. § 1516a(a)(2)(A), (d) (1988); 28 U.S.C. § 2631(c) (1988). The court has found one case which held that a notice of appearance is sufficient to impose party to the proceeding status upon the filer. *Zenith Radio Corp. v. United States,* 5 CIT 155, 157 (1983). *But cf. American Grape Growers v. United States,* 9 CIT 103, 105–06; 604 F. Supp. 1245, 1249 (1985) (party granted standing listed as co-petitioner in post-conference brief); *Kokusai Elec. Co. v. United States,* 9 CIT 336, 339, 613 F. Supp. 1249, 1252 (1985) (party granted standing participated in public hearing); *RSI (India) Pvt., Ltd. v. United States,* 12 CIT 84, 87, 678 F. Supp. 304, 307 (1988) (party granted standing filed comments).

The court is inclined to view the participation requirement as intending meaningful participation, that is, action which would put Commerce on notice of a party's concerns. *See American Grape Growers,* 9 CIT at 105–06, 604 F. Supp. at 1249 (party must take opportunity to further its interests at administrative level). Nonetheless, the court need not reach that conclusion in this case. Perhaps the issue would rarely need to be reached, because there is also the statutory requirement that parties exhaust administrative remedies, where appropriate. 28 U.S.C. § 2637(d) (1988). Here Encon argues that exhaustion is not appropriate because the well-known futility exception to the doctrine applies. *See, e.g., Budd Co. v. United States,* 15 CIT 446, 452 n.2, 773 F. Supp. 1549, 1555 n.2 (1991). The practice challenged by Encon, however, is simply that, a practice. While the practice may be long-standing, Commerce, for good reason, may change it at any time. Thus, *Rhone Poulenc S.A. v. United States,* 7 CIT 133, 135–36, 583 F. Supp. 607, 610–11 (1984) (involving application of regulation), does not apply. The exhaustion requirement serves important purposes, *see Budd Co.,* 15 CIT at 453, 773 F. Supp. at 1555–56, and should not be lightly regarded. If Encon had a strong argument to raise as to Commerce's "all others" rate calculation methodology, submitting it to Commerce would cause Commerce to address the argument and thus prepare the issue for judicial review.

Accordingly, the court declines to assert jurisdiction over Encon's challenge to Commerce's determination because of failure to exhaust administrative remedies, whether or not Encon has technically satisfied the statutory standing requirements. The motion to dismiss of the

United States is granted. The court now turns to ITC's motion to dismiss.

There is no issue that Encon failed to participate in the ITC proceedings underlying the antidumping duty order at issue. In fact, it made several challenges and pursued them in litigation before this court. *See Encon Indus. v. United States,* 16 CIT 840 (1992) *("Encon I").* Rather, ITC asserts that Encon's suit is barred, because it failed to challenge ITC's determination within the time period allowed by the governing statute, 19 U.S.C. § 1516a(a)(2)(A)-(B)(i),[1] and by *res judicata* principles.

According to ITC, Encon was required to bring its suit within thirty days of publication of the original antidumping duty order, *Oscillating Fans and Ceiling Fans from the People's Republic of China,* 56 Fed. Reg. 64,240 (Dec. 9, 1991) (final determ. of LTFV sales & antidumping duty order). ITC argues that the March 2, 1994 amended antidumping duty order upon which Encon relies to recommence the limitations period is not an antidumping order, for purposes of the statute of limitations. *See NTN Bearing Corp. v. United States,* 12 CIT 381, 383–84, 684 F. Supp. 1093, 1096 (1988) (amended dumping order did not modify ITC determination, thus, no basis for new action). The court, however, need not decide this issue because the court finds ITC's other basis for dismissal persuasive. That is, Encon's claim was part and parcel of its original challenge before this court, and Encon could have litigated the issue it raises here in the earlier litigation. Thus, *Encon I* precludes Encon's action in the present case.

Encon argues that it could not have brought its claim during the original litigation. Encon alleges that its claim arose only after publication of the amended order resulting in the exclusion of one company from the antidumping order and consequently elimination of its volume of imports from the volumes previously relied upon by ITC. Encon argues that before that time "there were no facts or evidence in existence that could have supported this claim." Pl.'s Resp. Br. to ITC's Rule 12(b)(1) Mot., at 7. This of course ignores the fact that parties can and do challenge ITC's actions on the basis of errors in the information furnished to it by Commerce. *See, e.g., Borlem S.A. v. United States,* 13 CIT 535, 718 F. Supp. 41 (1989). It may be that in such cases the ITC litigation must be stayed in order for the plaintiff to have the maximum chance of success, but such stays have been granted. *See, e.g., Hyundai Elecs. Indus. v. United States,* Ct. No. 93–06–00319 (complaint alleging volume error (July 8, 1993); stay order issued pending resolution of other action (Sept. 13, 1993)).

Thus, contrary to the assertions of Encon, the court does not recognize Encon's claim as different from the claims that were raised or

---

[1] The governing statute provides that within thirty days after date of publication of an antidumping duty order based upon a final affirmative determination by Commerce and by ITC, "an interested party who is a party to the proceeding * * * may commence an action in the [CIT] * * * contesting any factual findings or legal conclusions upon which the determination is based." 19 U.S.C. § 1516a(a)(2)(A)-(B)(i).

should have been raised in *Encon I*. There were procedures available to plaintiff to preserve its claim.[2] The issues surrounding the exclusion of the company at issue were not unknown to those actively participating in the relevant administrative proceedings. Also, there were no formal or informal barriers to the assertion of this particular aspect of Encon's challenge to the ITC determination at issue in *Encon I*. Accordingly, Encon's arguments based on its views of *res judicata* doctrine and on *Young Engineers, Inc. v. ITC*, 721 F.2d 1305 (Fed. Cir. 1983), and *Foster v. Hallco Mfg. Co.*, 947 F.2d 469 (Fed. Cir. 1991), are without merit.

It is hereby ordered that this action is dismissed.

---

[2] There are also statutory avenues of prospective relief available to plaintiff. *See* 19 U.S.C. § 1675(b)(1) (1988) (changed circumstances review).