UST, INC., and Tsubakimoto Chain Co., Plaintiffs,

v.

UNITED STATES; Malcolm Baldridge, Secretary of Commerce; Bruce S. Smart, Jr., Under Secretary of Commerce for International Trade; Paul Freedenberg, Acting Assistant Secretary of Commerce for Trade Administration; Gilbert L. Kaplan, Deputy Assistant Secretary for Import Administration; Leonard M. Shambon, Director, Office of Compliance, Defendants.

No. 86–08–00993.

United States Court of International Trade.

Oct. 10, 1986.

Barnes, Richardson & Colburn (David A. Riggle, Chicago, Ill., on the motion), for plaintiffs.

Covington & Burling (Douglas E. Phillips, Washington, D.C., on the motion), for the defendant-intervenor.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C. (Velta Melnbrencis, New York City, on the motion), for defendants.

## MEMORANDUM OPINION

CARMAN, Judge.

Plaintiffs filed their summons and complaint and an order to show cause from this Court seeking to expedite this action by shortening defendant's time to answer, accelerating discovery, setting an early trial date, and determining whether or not a writ of mandamus should issue directing the defendant, United States, to complete

an administrative review pursuant to § 751 of the Trade Agreements Act of 1979 as amended, 19 U.S.C. § 1675 (1984) (section 751 review) up to the date of tentative revocation. The order further sought immediate issuance of liquidation instructions as to plaintiffs for all periods on or after the tentative revocation as to plaintiffs with regard to the antidumping finding on roller chain, other than bicycle, from Japan. Plaintiff also seeks a temporary restraining order and preliminary injunction alleging irreparable harm if it is required to answer questionnaires issued by the International Trade Administration (ITA or Commerce) pursuant to a section 751 review with respect to plaintiffs for the periods subsequent to August 31, 1983. On the return date, the parties agreed to a schedule approved by the Court, and the answer of defendant United States was duly filed. Defendant-intervenors were permitted to intervene on September 23, 1986. Plaintiffs' time to respond to the questionnaire issued by the ITA was ultimately extended to October 10, 1986.

## BACKGROUND

The facts as stipulated by the parties are substantially as follows:

Defendant United States has undertaken section 751 antidumping administrative reviews for three separate periods: December 1, 1979—March 31, 1981; April 1, 1981—August 31, 1983; April 1, 1985—March 31, 1986, the latter having been requested by defendant-intervenor. On September 1, 1983, the Commerce Department published the preliminary results of the administrative review for the period December 1, 1979 through March 31, 1981 which included a tentative determination to revoke the dumping finding

as to plaintiff, Tsubakimoto. The Department of Commerce has not yet issued final determinations for any of the review periods.

At the time of oral argument counsel for defendant United States made the following representations:

With regard to the period December 1, 1979—March 31, 1981, Commerce intends to complete its review and publish the final results by October 20, 1986; for the period April 1, 1981—August 31, 1983, Commerce intends to publish the preliminary results by October 20, 1986, and the final results by January 15, 1987.

With regard to the period April 1, 1985—March 31, 1986, Commerce intends to publish its preliminary results by March 1, 1987, and the final results by June 30, 1987, if Commerce receives the response to the questionnaire submitted to plaintiff by the deadline set of September 29, 1986. Insofar as its final decision on plaintiff Tsubakimoto's request for revocation of the antidumping finding is concerned, Commerce intends to publish its final decision 30 days after it completes its review for the period April 1985 through March 31, 1986.

## DISCUSSION

### I. Jurisdiction

■ Plaintiffs contend that the Court has jurisdiction pursuant to 28 U.S.C. § 1581(i). They argue because an application for a writ of mandamus to compel the ITA to complete a section 751 review of a dumping finding is not an action for which judicial review of a determination may be made under section 516A of the Tariff Act of 1930 as amended, 19 U.S.C. § 1516a[1]

---

1. 19 U.S.C. § 1516a provides in part as follows:
Judicial review in countervailing duty and antidumping duty proceedings
(B) Reviewable determinations.—The determinations which may be contested under subparagraph A are as follows:
   (i) Final affirmative determinations by the administering authority and by the Commission under section 1671d or 1673d of this title, including any negative part of such a determi-

nation (other than a part referred to in clause (ii)).
(ii) A final negative determination by the administering authority or the Commission under 1671d or 1673d of this title, including, at the option of the appellant, any part of a final affirmative determination which specifically excludes any company or product.
(iii) A final determination, other than a determination reviewable under paragraph (1), by

the Court must perforce exercise jurisdiction under 28 U.S.C. § 1581(i).

Defendant argues that nowhere in 19 U.S.C. § 1516a did Congress provide for interlocutory judicial review of administrative delays pertaining to section 751 reviews. Furthermore, contends defendant, Congress granted to this Court jurisdiction to conduct interlocutory reviews of only those interim agency decisions which, in its view, could not effectively be reviewed until after final agency action. Finally, 28 U.S.C. § 1581(i) was not intended to be utilized to circumvent the exclusive method of judicial review for countervailing and antidumping duty determinations listed at 19 U.S.C. § 1516a citing *United States v. Uniroyal, Inc.*, 687 F.2d 467 (CCPA 1982).

The applicable section 28 U.S.C. § 1581(i) provides as follows:

> (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—
>
> > (1) revenue from imports or tonnage;
> >
> > (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
> >
> > (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
> >
> > (4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

*Id.*

In *Royal Business Machines, Inc. v. United States*, 669 F.2d, 692, 701–02 (CCPA 1982) the Court said:

> section 516A is *not* the '*exclusive* remedy for all grievances arising from the administration of the antidumping law.' A possible conflict between sections 1581(i) and 516A was forseen by Congress and specially addressed:
>
> This section [1581(i)] granted the court jurisdiction over those civil actions which arise directly out of an import transaction and involve one of the many international trade laws. The purpose of this section was to eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the federal district courts and the Court of International Trade. This language made it clear that all suits of this type are properly commenced only in the Court of International Trade and not in a district court
>
> . . . .
>
> Subsection (i) is intended only to confer subject matter jurisdiction upon the court, and not to create any new causes

the administering authority or the Commission under section 1675 of this title.
(iv) A determination by the administering authority, under section 1671c or 1673c of this title, to suspend an antidumping duty or countervailing duty investigation, including any final determination resulting from a continued investigation which changes the size of the dumping margin or net subsidy calculated, or the reasoning underlying such calculations, at the time the suspension agreement was concluded.
(v) An injurious effect determination by the Commission under section 1671c(h) or 1673c(h) of this title.
(vi) A determination by the administering authority as to whether a particular type of

merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order.
(3) Exception.—Notwithstanding the limitation imposed by paragraph (2)(A)(ii) of this subsection, a final affirmative determination by the administering authority under section 1671d or 1673d of this title may be contested by commencing an action, in accordance with the provisions of paragraph (2)(A), within thirty days after the date of publication in the Federal Register of a final negative determination by the Commission under section 1671d or 1673d of this title.

of action not founded on other provisions of law.

. . . .

However, subsection (i), and in particular paragraph (4), makes it clear that the court not prohibited from entertaining a civil action relating to an antidumping or countervailing duty proceeding so long as the action does not involve a challenge to a determination specified in section 516A of the Tariff Act of 1930. [emphasis supplied]

*Id.*

In *Ceramica Regiomontana, S.A. v. United States*, 5 CIT 23, 26, 557 F.Supp. 596, 600 (1983), Judge Newman of this Court said:

Since the contested ITA decision was made outside the scope of any administrative proceeding which ultimately would result in a determination reviewable under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c), obviously this is the circumstance in which Congress intended that the Court's residual jurisdiction could be invoked.

*Id.*

Judge Newman pointed out in *Ceramica* that the Court of Appeals in *Royal Business Machines* anticipated actions where the contested administrative decision might arise between the final determination and an administrative review. In these situations the plaintiff may invoke the Court's broad residual jurisdiction under 28 U.S.C. § 1581(i). *Ceramica*, 5 CIT at 27–28, 557 F.Supp. at 601.

If this Court did not have such broad jurisdictional powers, it is not too difficult to imagine circumstances where a possible recalcitrant ITA might determine never to complete a section 751 review simply to escape judicial scrutiny. This clearly would thwart the will of Congress and the entire administrative process.

Defendant's reliance upon *United States v. Uniroyal*, as also distinguished in *Ceramica*, is again misplaced "since [*Uniroyal*] did not involve the applicability of 28 U.S.C. § 1581(i) vis-a-vis 19 U.S.C. § 1516a." *Ceramica*, 5 CIT at 28, 557 F.Supp. at 601.

Accordingly, the Court holds that it may exercise jurisdiction under section 1581(i) concerning the administration of section 751 reviews.

## II. Preliminary Injunction

It is well established that whether or not a preliminary injunction should be granted depends upon an examination of four factors:

(1) the threat of immediate and irreparable harm;

(2) the likelihood of success on the merits;

(3) whether the public interest is better served by issuing rather than denying the injunction; and

(4) whether the balance of hardships to the parties favors the issuance of an injunction.

*Zenith Radio Corp. v. United States*, 710 F.2d 806, 809 (Fed.Cir.1983); *S.J. Stile Associates, Ltd. v. Snyder*, 68 CCPA 27, 30, 646 F.2d 522, 525 (1981); *American Customs Broker Co. v. United States Customs Service*, Slip Op. 86–56 (CIT May 27, 1986).

■ Irreparable injury is harm which cannot be reasonably redressed in a court of law. *National Juice Products Association v. United States*, — CIT —, 628 F.Supp. 978, 984. What is critical is the immediacy of the harm not its magnitude. *See S.J. Stile Associates v. Snyder*, 68 CCPA 27, 30, 646 F.2d 522, 525 (1981). On the other hand, litigation expenses, even substantial and unrecoverable costs, have been held insufficient to constitute irreparable injury. *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1973).

■ Plaintiffs contend they will endure unnecessary and irreparable harm if an injunction is denied. Preparing the questionnaires will require massive amounts of time and other resources. No procedure exists for recovering these costs. If the tentative revocation can be made final before the questionnaire is completed plaintiffs argue, these costs can be avoided.

Plaintiffs imposition does not satisfy prevailing tests for immediate and irreparable harm. No showing has been made that the data is unavailable or unnecessarily burdensome to procure. Plaintiffs should have ready access to data for the periods in question. It is not enough to show merely plaintiffs may incur costs to complete the required questionnaire. *Cf. Matsushita Electric Industrial Co., Ltd. v. United States,* — CIT ——, 645 F.Supp. 939 (1986), *appeal docketed,* No. 86–1678 (Fed. Cir. Sept. 15, 1986). Expending resources for this purpose, moreover, is a slight burden in light of the requirement and public need for current data. *See, e.g., Freeport Minerals Co. v. United States,* 776 F.2d 1029, 1032 (Fed.Cir.1985).

The public interest and the balance of hardships favor the denial of this application. Commerce has been entrusted with the duty of administering the antidumping laws, a function which cannot be carried out efficiently with undue judicial interference. With such an important public duty at issue, the burden to plaintiff is small in comparison. If the Court were to grant the release sought by plaintiffs, Commerce would be forced to decide whether or not to invoke the antidumping finding as to plaintiff Tsubakimoto based upon data that is three-years old, despite the availability of more current data.

It seems appropriate to allow the ITA an opportunity to fully review all the data that is required and readily available to plaintiffs. After having received the information from the response to the questionnaire of Commerce, the ITA may well determine to revoke the dumping order and discontinue the subsequent section 751 reviews. Should the response produce evidence of a likelihood of a resumption of sales at less than fair value, on the other hand, the ITA can take the administrative action it deems appropriate.

The same conclusion seems warranted with respect to the methodology employed by Commerce. As long as the method-ology adopted by Commerce is reasonable, it would seem better to leave its determination intact. If the Court were to decide otherwise, the agency might be bound by methodology which could be clearly erroneous and productive of bizarre and unreasonable results.

The case at bar is distinguished from *Matsushita Electric Industrial Co.* since the Court in that case did not address the full scope of *Freeport Minerals.*

The Court denies plaintiffs' application for a preliminary injunction and directs that plaintiffs shall have until November 18, 1986 to respond to and comply with the questionnaire required by Commerce which response was stayed until October 10, 1986 in these matters.

## III. Mandamus

The Court now turns to the question of whether or not a writ of mandamus should issue.

Mandamus is an extraordinary equitable remedy which should be employed to compel the performance of a ministerial duty specifically enjoined by law where performance has been refused, and no meaningful alternative remedies exist. *See, Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *Canadian Tarpoly Co. v. United States International Trade Commission,* 640 F.2d 1322, 1325 (CCPA 1981); *Landis Tool Division v. United States International Trade Commission,* 614 F.2d 766, 767 (CCPA 1980).

Defendant United States maintains "there are no good reasons for expediting this case," and the request for an expedited trial should be rejected. Defendant further contends if the Court were to order the publication of final results of administrative reviews prior to the time the reviews were completed, the Court would be interfering improperly with the discretion of the Secretary of Commerce. Further-

more, the delay for the completion of the various section 751 reviews beyond the time stated at 19 U.S.C. § 1675(a) is directory and not mandatory, citing *Phillip Brothers Inc. v. United States,* 630 F.Supp. 1317 (1986).

Plaintiff contends the section 751 reviews should have been completed within 12 months, and the failure to complete the reviews within that time frame violated statutory and regulatory mandates. Plaintiff argues the relief sought is to compel the ITA to complete the administrative review as set out in the statute and otherwise proceed as required by law.

While frustrated by the seemingly unexplained delays of defendant to complete the section 751 reviews, the Court is nevertheless cognizant of defendant's proposed schedule to complete these examinations as referred to above. Even though the timetable for the completion of section 751 reviews as required by 19 U.S.C. § 1675 has been held to be directory and not mandatory in nature, this does not mean the schedule can be ignored, *see, e.g., American Permac, Inc. v. United States,* —— CIT ——, 642 F.Supp. 1187. There must be a reasonable time in which the agency must perform. These matters cannot be allowed to drag on forever. Because mandamus is an extraordinary remedy to be employed only when there is no meaningful alternative and because defendant's proposed schedule appears to be such an alternative, the Court will not decide at this point whether or not to issue a writ of mandamus. The parties will adhere to the schedule proposed by defendant United States as modified and extended by this Court. This case will be continued until August 10, 1987. The parties will render a status report concerning the progress of the section 751 reviews to the Court on the first Monday of each month commencing November 1986. The report, which must be submitted in writing, may be prepared collectively or severally at the option of the parties.