**MAGYAR GORDULOCSAPAGY MUVEK, Plaintiff,**

v.

**UNITED STATES, the Secretary of Commerce Robert Mosbacher, and the Assistant Secretary of Commerce for Import Administration Eric Garfinkel, Defendants,**

**The Timken Company, Defendant-Intervenor.**

No. 90–08–00383.

United States Court of International Trade.

Jan. 16, 1991.

Bryan, Cave, McPheeters & McRoberts, Peter D. Ehrenhaft and Johanna M. Klema, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, A. David Lafer, Sr. Trial Counsel, of counsel: Robert J. Heilferty, Atty.–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., for defendants.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Charles A. St. Charles, Washington, D.C., for defendant-intervenor.

## OPINION

TSOUCALAS, Judge:

Plaintiff in this action, Magyar Gordulocsapagy Muvek ("MGM"), contests the final results of an administrative review effectuated by the United States Department of Commerce, International Trade Administration ("Commerce" or "ITA"). In the alternative, plaintiff moves the court for issuance of a writ of mandamus directing Commerce to publish in the Federal Register official notice of its decision not to alter the final review results despite plaintiff's allegations that they were flawed by clerical errors.

Defendants and defendant-intervenor argue jointly that this court lacks jurisdiction to entertain plaintiff's action because it was untimely filed. With regard to plaintiff's petition for mandamus relief, defendant avers, *inter alia*, that plaintiff cannot seek such an extraordinary remedy when alternative relief was readily available to it.

### Background

The determination at issue herein is *Final Results of Anti-dumping Duty Administrative Review: Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the Republic of Hungary.* 55 Fed.Reg. 21,066 (May 22,

1990). Pursuant to 19 U.S.C. § 1675 (1988), the ITA conducted an administrative review ("review") of an outstanding dumping order regarding tapered roller bearings ("TRBs") from Hungary, as requested by The Timken Company (intervenors herein). Plaintiff was the only respondent involved in the review.

Final results of the administrative review were published on May 22, 1990, after which time the ITA invited all parties to submit written comments within five days of the disclosure conference date. Plaintiff, as well as petitioner, submitted comments alleging the existence of various clerical errors. The ITA took no action with regard to the claimed errors until July 9, 1990 when in correspondence with plaintiff, it noted that the alleged errors were not clerical but actually "questions of methodology." *Plaintiff's Memorandum in Support of Petition for the Issuance of a Writ of Mandamus*, Exhibit A.

As a result, The Timken Company filed an independent action in this court challenging the final results of the administrative review on June 21, 1990. *The Timken Co. v. United States*, Court No. 90–06–00307. Plaintiff filed the instant action on August 8, 1990.

### Jurisdiction

#### *28 U.S.C. § 1581(c)*

It is a fundamental principle of our laws that the United States is immune from suit except under those circumstances in which it has waived its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Moreover, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.; United*

*States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969).

■ For purposes of the antidumping laws, the government's explicit waiver of immunity from suit is contained in 28 U.S.C. § 1581 (1988). According to plaintiff, subsections (c) and (i) of this statute confer upon this court jurisdiction over this action [1].

*Plaintiff's Complaint* at 2.

In fact, the aforementioned statute grants this court exclusive jurisdiction over any "civil action commenced under section 516A of the Tariff Act of 1930." 28 U.S.C. § 1581. Section 516A of the Tariff Act of 1930, codified at 19 U.S.C. § 1516a, requires actions seeking judicial review of antidumping determinations to be commenced

> Within thirty days after—
>> (i) the date of publication in the Federal Register of—
>>> (I) notice of any determination described in clause (ii), (iii), (iv), or (v) of subparagraph (B).

19 U.S.C. § 1516a(a)(2)(A)(i)(I) (1988).

In this case, plaintiff did not file an action until seventy-eight days after publication of the final results of the review. This notwithstanding, plaintiff maintains that its action is permissible because the thirty-day statute was effectively tolled by Commerce's failure to respond to its request for correction of clerical errors within the time prescribed by the statute for filing suit. Plaintiff supports this novel position by imputing to Commerce an obligation to respond to requests for clerical corrections within thirty days. This requirement, which plaintiff apparently gleans from section 751(f) of the Tariff Act of 1930, as

---

1. 28 U.S.C. §§ 1581(c) and (i) state the following:

(c) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930.

. . . .

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this sec-

tion, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

. . . .

(4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

added by section 1333(b) of the Omnibus Trade and Competitiveness Act of 1988, codified at 19 U.S.C. § 1675(f), is, however, nonexistent.

Section 1675(f) of title 19 simply directs Commerce to "establish procedures for the correction of ministerial errors in final determinations within a reasonable time after the determinations are issued." There is nothing in the language of the provision or in its legislative history to indicate that it was in any way intended, nor could it be interpreted to operate as a tolling mechanism on statutory time limitations.

Moreover, pursuant to 28 U.S.C. § 2636(c) (1988), the time limits set forth in 19 U.S.C. § 1516a(a)(2)(i)(I) are expressly made jurisdictional. *NEC Corp. v. United States*, 9 CIT 557, 558, 622 F.Supp. 1086, 1087 (1985). Subsection (c) of 28 U.S.C. § 2636 specifically states that a "civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade within the time specified in such section."

Indeed, this court recognized in *Zenith Elecs. v. United States*, 699 F.Supp. 296 (1988), *aff'd*, 884 F.2d 556 (Fed.Cir.1989), the possibility that given the complex nature of these determinations, Commerce might well be unable to analyze allegations of ministerial errors before the lapse of statutory time limits. The court in *Zenith*, noted:

> [i]t is likely therefore, that in many cases, even when a party is only seeking correction of alleged ministerial or clerical errors it will have to start an action in court before the 30-day statute of limitation expires so as not to lose the protection of that action against a possible adverse result of the administrative correction process.

*Id.* at 298.

The law on this issue is explicit and not subject to creative interpretation. "Section 1516a(a)(2)(A) specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade, [therefore] those limitations must be strictly observed and are not subject to implied exceptions." *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed.Cir.1986). Consequently, "if a litigant fails to comply with the terms upon which the United States has consented to be sued, the court has no 'jurisdiction to entertain the suit'." *Id.* (citations omitted).

### 28 U.S.C. § 1581(i)

█ Alternatively, plaintiff seeks to invoke the court's residual jurisdiction as afforded by 28 U.S.C. § 1581(i). The legislative purpose of section 1581(i) is explained as follows:

> The purpose of this section was to eliminate the confusion which currently exists as to the demarcation between the jurisdiction of the federal district courts and the Court of International Trade. This language made it clear that all suits of this type are properly commenced only in the Court of International Trade and not in a district court. Thus, the Committee did not intend to create any new causes of action, but merely to designate definitively the appropriate forum.

H.R.Rep. No. 1235, 96th Cong., 2d Sess. 33, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3729, 3745.

It is evident that "Congress did not intend section 1581(i) to be used as a vehicle to circumvent the jurisdictional scheme by dispensing with the requirements" prescribed by statute. *St. Paul Fire and Marine Ins. Co. v. United States*, 14 CIT ——, ——, 729 F.Supp. 1371, 1377 (1990) *appeal docketed*, No. 90–1343 (Fed.Cir. May 15, 1990) (citing *National Corn Growers Assoc. v. Baker*, 840 F.2d 1547 (Fed.Cir. 1988); *Miller & Co. v. United States*, 824 F.2d 961 (Fed.Cir.1987), *cert. denied*, 484 U.S. 1041, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988)). "Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of section 1581 is or could have been available." *Miller*, 824 F.2d at 963. Therefore, plaintiff's failure to pursue the remedy available to it pursuant to 28 U.S.C. § 1581(c) precludes jurisdiction under section 1581(i).

Plaintiff's counsel is not a novice before this court. Hence there is no doubt that it was, or should have been, cognizant of the jurisdictional requirements imposed by the court. Neither is the Court swayed by plaintiff's touching narrative of its relentless attempts to wrest a response from Commerce within the thirty days following publication of the final review determination. If plaintiff was indeed in contact with the agency throughout that time period and was aware that such a response was not forthcoming, there is no justification for plaintiff's failure to file an eleventh-hour action in order to secure its right to contest the final review results. However, in light of plaintiff's failure to adhere to the statutory guidelines, the Court has not acquired jurisdiction over this action.

### Mandamus

In what appears to be an attempt to get a second chance at bat, plaintiff petitions the court for a writ of mandamus to compel publication in the Federal Register of Commerce's refusal to correct the alleged clerical errors, thereby commencing a new thirty-day time period for it to file suit.

"A writ of mandamus is an extraordinary remedy, available only in extraordinary circumstances and when no meaningful alternatives are available." *Badger–Powhatan, Div. of Figgie Int'l, Inc. v. United States,* 9 CIT 213, 218, 608 F.Supp. 653, 657 (1985). Consequently, this equitable relief is reserved for only the most truly exceptional cases. *E.g., Sharp Corp. v. United States,* 13 CIT ——, 725 F.Supp. 549 (1989); *UST, Inc. v. United States,* 10 CIT 648, 648 F.Supp. 1 (1986); *Badger–Powhatan,* 9 CIT 213, 608 F.Supp. 653; *Cf. Timken Co. v. United States,* 13 CIT ——, 715 F.Supp. 373 (1989), *aff'd,* 893 F.2d 337 (Fed.Cir.1990). Moreover, even in the instances when courts have granted mandamus relief, parties seeking this remedy have been held to stringent requirements. *Id.*

In this case, nevertheless, it is unnecessary to examine the merits of plaintiff's application. As has been explained by our appellate court, this court's ability to grant equitable relief is predicated on its jurisdiction over the subject action. *Rhone Poulenc, Inc. v. United States,* 880 F.2d 401, 402 (Fed.Cir.1989). Thus, given the court's lack of jurisdiction over the subject action, this Court is not empowered to grant the relief sought by plaintiff.

Therefore, plaintiff's petition for writ of mandamus is denied. Moreover, for the reasons set forth above, defendants' and intervenor's motions to dismiss are granted and this action is hereby dismissed.