NSK LTD. AND NSK CORP, PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND FEDERAL-MOGUL CORP AND TORRINGTON CO., DEFENDANT-INTERVENORS

Court No. 92–07–00470

(Dated June 3, 1993)

*Coudert Brothers (Robert A. Lipstein, Matthew P. Jaffe* and *Nathan V. Holt)* for plaintiffs.

*Stuart E. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Marc E. Montalbine);* of counsel: *Stephen J. Claeys, Thomas H. Fine, Alicia Greenidge, Dean A. Pinkert,* Attorney-Advisors, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, J. Eric Nissley* and *Joseph A. Perna, V)* for defendant-intervenor Federal-Mogul Corporation.

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr.* and *John M. Breen)* for defendant-intervenor The Torrington Company.

## OPINION

TSOUCALAS, *Judge:* Plaintiffs move for a writ of mandamus directing the Department of Commerce, International Trade Administration ("Commerce"), to (1) recalculate NSK's cash deposit rates in *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; et al.; Final Results of Antidumping Duty Administrative Reviews,* 57 Fed. Reg. 28,360, 28,415 (1992), to conform with this court's repeated instructions that direct selling expenses should be added to foreign market value rather than deducted from U.S. price in exporter's sales price transactions, (2) publish an amended final determination in the Federal Register within 21 days incorporating the results of the recalculation, and (3) instruct the U.S. Customs Service to refund with interest any excess cash deposits paid by NSK as a result of Commerce's failure to adjust foreign market value. Plaintiffs also move for an order to show cause why the writ should not be issued. Defendant claims that this issue should be dismissed since plaintiffs have demonstrated no basis for the relief sought.

## DISCUSSION

A writ of mandamus "is an extraordinary equitable remedy which should be employed to compel the performance of a ministerial duty specifically enjoined by law where performance has been refused, and no meaningful alternative remedies exist." *UST, Inc. v. United States,* 10 CIT 648, 653, 648 F. Supp. 1, 5 (1986), *aff'd,* 831 F.2d 1028 (Fed. Cir. 1987); *Kerr v. United States District Court,* 426 U.S. 394, 402 (1976); *Nakajima All Co., Ltd. v. United States,* 12 CIT 189, 195, 682 F. Supp. 52, 58 (1988). A party warranting such extraordinary relief has the burden of proving that the right to such relief is "clear and indisputable." *Kerr* at 403.

In this case, plaintiffs have not proven that the need for such relief is clear and indisputable. This issue has consumed the court's time in recent decisions and the court has consistently held that "direct selling expenses are properly characterized as differences in circumstances of sale giving rise to an adjustment of FMV." *NSK Ltd. v. United States,* 17 CIT 251, 253–54, Slip Op. 93–50 at 6 (April 2, 1993); *NTN Bearing Corp. of America v. United States,* 17 CIT 254, 256, Slip Op. 93–51 (April 13, 1993); *NTN Bearing Corp. of America v. United States,* 17 CIT 272, 273–74, Slip Op. 93–56 (April 21, 1993); *NTN Bearing Corp. of America v. United States,* 14 CIT 623, 637, 747 F. Supp. 726, 738–39 (1990); *Timken Co. v. United States,* 11 CIT 786, 800, 673 F. Supp. 495, 509 (1987).

Although the law is clear on this issue, "Commerce repeatedly ignores the law and disobeys the decisions of this Court. A remand in this case would be futile since it would affect only deposit rates." *NSK Ltd.,* 17 CIT at 251, 254, Slip Op. 93–50 at 6–7. Plaintiffs claim that they are faced with no alternative remedy but to seek a writ of mandamus. This, however, is unnecessary since any overpayments of deposits will be refunded to NSK together with interest pursuant to 19 U.S.C. § 1673f(b) and 1677g (1988 & Supp. 1993). Furthermore, the Court recently cautioned Commerce that "they are to adhere to the law and to the decisions of the court on this issue. If not, this court will be compelled to order sanctions against the government and hold Commerce in contempt of court for repeatedly ignoring the well-established law on this issue." *NSK Ltd.,* 17 CIT at 254, Slip Op. 93–50 at 7.

## CONCLUSION

In accordance with the foregoing opinion, plaintiffs' motion for a writ of mandamus and for an order to show cause is hereby denied since any overpayments of deposits will be refunded to NSK with interest, and since the Court recently cautioned Commerce that it will hold them in contempt of court and order sanctions against them if they continue to disregard the well-established law on this issue.