civil action. *American Air Parcel,* 718 F.2d 1546, 1551 (Fed. Cir. 1983), *cert denied,* 466 U.S. 937 (1984).

In sum, the Court finds that it lacks jurisdiction under § 1581(i) in this action.

Defendants have requested attorneys fees pursuant to 28 U.S.C. § 1927 (1988) and Federal Rules of Civil Procedure, Rule 11. In light of the above, the Court finds that the allowance of attorneys fees in this matter is not warranted and accordingly denies defendants' request.

## CONCLUSION

Plaintiff, Inner Secrets, has failed to establish that the Court has subject matter jurisdiction over this action. Accordingly, plaintiff's motion for a preliminary injunction is denied. Defendants' motion to dismiss this action for lack of jurisdiction is granted. Defendants' motion for attorneys fees is denied. This case is dismissed.

JUICE FARMS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 93–12–00784

(Dated November 9, 1994)

*McDermott, Will & Emery (Robert G. Kalik, David J. Levine, William H. Barrett,* and *Karla L. Palmer),* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(John J. Mahon);* Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service *(Karen P. Binder),* of counsel, for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This matter comes before the Court on defendant's motion to dismiss for lack of jurisdiction and plaintiff's opposition to the same. The Court finds that it lacks jurisdiction to entertain this action. The Court therefore grants defendant's motion to dismiss.

## BACKGROUND

This case involves liquidations by the United States Customs Service ("Customs") of 20 entries of frozen concentrated orange juice ("orange juice") from Brazil. Facts relevant to whether the Court has jurisdiction to hear this case are set forth below.

In 1986, the United States Department of Commerce ("Commerce") conducted a preliminary antidumping investigation of orange juice from Brazil. As a result, Commerce found reason to believe that Brazil-

ian orange juice was being sold in the United States at less than fair value. Commerce published a notice in the Federal Register which directed Customs: (1) to suspend liquidation of entries of Brazilian orange juice made on or after October 23, 1986; and (2) to require the posting of bonds or cash deposits covering the estimated dumping margin on entries made on or after October 23, 1986,[1] 51 Fed. Reg. 37618 (October 23, 1986). In accordance with Commerce's directions, Customs instructed its field officers to suspend liquidation and to require bonds or cash deposits on entries of Brazilian orange juice.

In March 1987, Commerce published in the Federal Register its final determination that Brazilian orange juice was being sold in the United States at less than fair value. 52 Fed. Reg. 8324 (March 17, 1987). In the final determination, Commerce gave notice that it was continuing to require Customs: (1) to suspend liquidation of entries of Brazilian orange juice; and (2) to require bonds or cash deposits covering estimated dumping margins on the entries. *Id.* at 8331.

In April 1987, the United States International Trade Commission determined that the importation of Brazilian orange juice at less than fair value threatened a United States industry with material injury. In May 1987, Commerce published an antidumping duty order in the Federal Register. 52 Fed. Reg. 16426 (May 5, 1987). The order only allowed Customs to lift the suspension of liquidation as it applied to entries of Brazilian orange juice made before April 29, 1987; it required Customs to continue to collect cash deposits covering estimated antidumping duties on entries made on or after April 29, 1987. *Id.* at 16427. In the years that followed, Commerce conducted administrative reviews to determine the precise amount of antidumping duties to be imposed on entries of Brazilian orange juice made on or after April 29, 1987.

While suspension orders remained in effect and before completion of administrative review proceedings, Customs erroneously liquidated 20 entries of Brazilian orange juice which plaintiff imported from June 1987 to May 1990. Customs issued bulletin notices of the liquidations of the 20 entries of orange juice for display at the customhouse through which the juice entered the United States. Plaintiff, however, did not check the bulletin notices and apparently did not know that the liquidations had taken place. Indeed, because Commerce had ordered the suspension of liquidation of entries of Brazilian orange juice, plaintiff believed that it did not need to check for bulletin notices.

Plaintiff did not learn of the liquidations of its 20 entries of Brazilian orange juice until 1993, at the conclusion of administrative review proceedings. At that time, plaintiff requested that Customs refund certain antidumping duty deposits which it had paid for the 20 entries. By letter dated July 13, 1993, Customs informed plaintiff that it would not refund plaintiff's deposits because it had already liquidated these 20 entries. Plaintiff protested the liquidations of the 20 entries of Brazilian orange

---

[1] Commerce excluded one producer of Brazilian orange juice, not involved in this action, from the scope of its orders.

juice on October 4, 1993. Customs subsequently denied plaintiff's protest as untimely.

Plaintiff then filed suit in this Court challenging Customs' liquidations of its entries of Brazilian orange juice. Defendant answered that the Court lacks jurisdiction over plaintiff's entries because plaintiff failed to protest the liquidations in a timely manner; defendant then moved to dismiss plaintiff's complaint. Subsequently, plaintiff filed an amended complaint. Defendant therefore supplemented its initial motion to dismiss and now moves to dismiss plaintiff's amended complaint for lack of jurisdiction.

### DISCUSSION

Upon challenge by the defendant, the plaintiff bears the burden of demonstrating that jurisdiction exists. *Lowa, Ltd. v. United States,* 5 CIT 81, 83, 561 F. Supp. 441, 443 (1983) (citation omitted), *aff'd,* 2 Fed. Cir. (T) 27, 724 F.2d 121 (1984).

### A. JURISDICTION PURSUANT TO 28 U.S.C. § 1581(a)

In an effort to meet its burden, plaintiff argues that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a). This statutory provision grants the Court jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part." In order for an importer to bring an action to contest the denial of a protest pursuant to this provision, however, the importer must have filed a timely protest in the first instance. *Star Sales & Distrib. Corp. v. United States,* 10 CIT 709, 710, 663 F. Supp. 1127, 1128 (1986). More specifically, the importer must have filed a protest within 90 days of notice of liquidation of its entries. 19 U.S.C. § 1514(c)(2)(A) (1988).

#### 1. *Notice of Liquidation:*

Plaintiff argues that it timely protested within 90 days of receiving actual notice of liquidation. In making this argument, plaintiff asserts that Customs' July 13, 1993 letter discussing the liquidations of its entries of Brazilian orange juice constituted notice in compliance with the statute. *Plaintiff's Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition")* at 9–13. Plaintiff fails to acknowledge, however, that an importer does not need to receive actual notice of liquidation in order for the 90 day protest period to begin running. Bulletin notice of liquidation, posted in a conspicuous place in the customhouse at the port of entry, automatically triggers the 90 day period in which to protest. *Goldhofer Fahrzeugwerk GmbH & Co. v. United States,* 7 Fed. Cir. (T) 148, 150, 885 F.2d 858, 860 (1989) (citing 19 C.F.R. § 159.9(b) (1988)). The Court of Appeals for the Federal Circuit has held that bulletin notice alone meets constitutional due process requirements. *Id.* at 153, 885 F.2d at 862.

In this case, the posting of the bulletin notices of liquidations of plaintiff's entries of Brazilian orange juice started the running of 90 day periods within which plaintiff needed to file its protests. While plaintiff may

have filed a protest within 90 days of receiving actual notice of the liquidations, it is undisputed that plaintiff failed to file a protest within 90 days of the bulletin notices of liquidations. Therefore, this Court does not have jurisdiction to review the denial of plaintiff's protest pursuant to 28 U.S.C. § 1581(a).

2. *Tolling of the Time in Which to Protest:*

Plaintiff argues that even if importers must normally protest within 90 days of bulletin notice of liquidation, the acts of Customs and Commerce tolled the running of the protest periods in this case. *Plaintiff's Opposition* at 14–17. More specifically, plaintiff claims that: (1) Commerce's promulgation of suspension orders, which induced plaintiff not to check for bulletin notices of liquidation, tolled the running of the protest period; and (2) Customs' erroneous liquidations of the entries in violation of suspension orders tolled the running of the protest period. *Id.*

Plaintiff fails to acknowledge that importers bear the burden to check for posted notices of liquidation and to protest in a timely manner, even in cases where Commerce has ordered suspension of liquidation. *See, e.g., Omni U.S.A., Inc. v. United States,* 11 CIT 480, 483, 663 F. Supp. 1130, 1133 (1987), *aff'd,* 6 Fed. Cir. (T) 99, 840 F.2d 912 (1988). By continuing to check for posted notices of liquidation, importers can monitor Customs' compliance with suspension orders. If Customs erroneously liquidates their entries, importers can timely protest such liquidations for violating outstanding suspension orders.

Plaintiff also fails to acknowledge that the 90 day period in which to protest a liquidation is not tolled when liquidation takes place illegally. *Id.* at 482, 663 F. Supp. at 1132 (citing *United States v. A.N. Deringer, Inc.,* 66 CCPA 50, 593 F.2d 1015 (1979)). An importer cannot treat an illegal liquidation as void; rather, the importer must remain vigilant and protest the legality of such a liquidation within 90 days of notice. *Id.* If the importer fails to protest in a timely manner, then liquidation becomes final.

As a general matter, the terms on which the government has consented to be sued are strictly construed and are not subject to equitable exceptions. *NEC Corp. v. United States,* 5 Fed. Cir. (T) 49, 51, 806 F.2d 247, 249 (1986). In this case in particular, the acts of Commerce and Customs did not toll the time in which plaintiff should have protested the liquidations of its entries of orange juice; plaintiff had a duty to monitor bulletin notices of liquidation and to protest the legality of the liquidations in a timely manner. Plaintiff failed to do so. Consequently, jurisdiction to review the denial of plaintiff's protest does not exist pursuant to 28 U.S.C. § 1581(a).

### B. JURISDICTION PURSUANT TO 28 U.S.C. 1581(c)

Plaintiff also contends that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). *Plaintiff's Opposition* at 18. Section 1581(c) gives the Court jurisdiction over a civil action commenced

under § 516A of the Tariff Act of 1930. Section 516A of the Tariff Act of 1930, set forth at 19 U.S.C. § 1516a, authorizes judicial review of particular determinations made in countervailing duty and antidumping proceedings.

Plaintiff asserts that jurisdiction exists pursuant to 28 U.S.C. § 1581(c) because Customs violated suspension orders which related to antidumping proceedings by liquidating its entries of orange juice. Section 1581(c) does not, however, grant jurisdiction over any controversy that relates to a countervailing duty or antidumping proceeding; rather, it authorizes judicial review of particular determinations made by the administering agency in a countervailing duty or antidumping proceeding. Because plaintiff seeks judicial review of Customs' liquidations of entries, and not of a determination made in a countervailing duty or antidumping proceeding, jurisdiction pursuant to 28 U.S.C. § 1581(c) does not exist in this case.

### C. JURISDICTION PURSUANT TO 28 U.S.C. § 1581(i)

Finally, plaintiff argues that jurisdiction exists pursuant to 28 U.S.C. § 1581(i). *Plaintiff's Opposition* at 18–22. Section 1581(i) enables the Court to hear a case when traditional means of obtaining judicial review are manifestly inadequate. *Star Sales,* 10 CIT at 711, 663 F. Supp. at 1129 (citations omitted). In determining whether traditional means of obtaining review are manifestly inadequate, the Court must consider whether a plaintiff could have obtained review through a traditional procedure had the plaintiff timely utilized it. *Id.* at 712, 663 F. Supp. at 1130. Plaintiffs cannot use section 1581(i) as a means to dispense with statutory time limits. *Magyar Gordulocsapagy Muvek v. United States,* 15 CIT 7, 10, 756 F. Supp. 576, 579 (1991) (citations omitted).

In this case, the traditional means of obtaining judicial review were adequate. As discussed above, plaintiff could have sought relief by protesting within 90 days of the overt and inadvertent liquidations of its entries of orange juice. The Court does not acquire jurisdiction simply because plaintiff failed to utilize the adequate remedy statutorily available to it. Plaintiff may not circumvent the statutory time limitation associated with judicial review in this Court by way of 28 U.S.C. § 1581(i).

### CONCLUSION

In this case, the Court must heed statutory restraints imposed by Congress "to quiet money claims against the United States, not asserted according to reasonable procedures Congress has prescribed." *Omni U.S.A., Inc. v. United States,* 6 Fed. Cir. (T) 99, 101, 840 F.2d 912, 914 (1988). For this and all of the foregoing reasons, it is hereby

ORDERED that defendant's motion to dismiss for lack of jurisdiction is GRANTED. Judgment will be entered accordingly.